PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 1999 Toyota Camry struck a metal object lying in the road. The driver, Robert K. Tomblin, was traveling westbound on 1-64, under the Route 34 bridge, in Putnam County. 1-64 in Putnam County is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on January 22, 2003, at approximately 6:15 p.m.
Mr. Tomblin was driving around sixty-two miles per hour in the rain and was in the passing lane with a tractor-trailer in front of him and traffic all around. He was approximately three or four car- lengths behind the tractor-trailer, approaching the Route 34 overpass when he noticed the truck drive over an object lying in the road. Mr. Tomblin attempted to slow down but he did not attempt to stop, due to traffic. He testified that the object may have been a piece of guardrail retainer used on overpasses. Claimants’ vehicle stack the object, apiece of metal slightly curved with some concrete on the end, and sustained damage to the underside of the vehicle totaling $4,038.76. Claimants’ insurance deductible was $1,000.00 for which they make this claim and an additional $76.95 not covered by insurance for arental vehicle and $300.00 in lost wages.
The position of the respondent was that it did not have notice of the object on 1-64. Barney Sigman, Foreman for respondent in Putnam County, testified that there was nothing documented as to any objects in the road near the Route 34 bridge on 1-64 at any time on or around the date of Mr. T omblin’s incident. Mr. Sigman testified that the there was no construction on the bridge at that time of claimant’s accident. He stated that if there had been construction, it would have been his office’s responsibility to close part of the highway down for any construction on the side or underneath of a bridge. Respondent maintains that it had no prior notice of any objects on U.S. Route 119 immediately prior to the incident in question.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, claimant has not established that respondent failed to take adequate measures to protect the safety of the traveling public on 1-64 in Putnam County. There was no evidence presented as to how the object that claimants’ vehicle struck came to be in the roadway and the Court will not speculate as to such. While the Court is sympathetic to claimants’ plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein *195 above, the Court is of the opinion to and does deny this claim. Claim disallowed.